NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0224n.06

Nos. 21-3483/3484

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jun 03, 2022
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| v. | ) | |
| DERRICK TERRELL, | ) | |
| Defendant-Appellant. | ) | OPINION |

Before: SUTTON, Chief Judge; KETHLEDGE and MURPHY, Circuit Judges.

KETHLEDGE, Circuit Judge. A district court revoked Derrick Terrell's supervised release after Terrell's wife told law enforcement—via email—that, only two days after he was released from prison, Terrell had left drugs in her home and vehicle. Officers searched the home and vehicle and found phencyclidine (PCP). Terrell argues that the evidence on which the district court relied in its revocation determination was both unreliable and insufficient. We reject Terrell's arguments and affirm the revocation of supervised release, but enter a limited remand to correct one of Terrell's sentences.

I.

This is the latest in a series of cases in which Terrell has violated the conditions of his supervised release. In November 2007, Terrell pled guilty to one count of conspiracy to possess with intent to distribute PCP and one count of possession of a firearm by a convicted felon. *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(A); 18 U.S.C. § 922(g)(1). The district court sentenced Terrell to

concurrent sentences of 151 months' and 120 months' imprisonment. Terrell was released from prison in April 2018, at which point he began a three-year term of supervised release.

In January 2020, Terrell's wife, Sonjamara Williams, contacted police about a domestic dispute. Officer Kristine Lorentz conducted a welfare check and found Williams unresponsive from an apparent drug overdose. Williams was taken to the hospital for treatment. While at the hospital, Williams called her own cell phone (which was still back at the house) and spoke to Lorentz. Williams gave Lorentz permission to search her Mazda, where Lorentz found 23 grams of PCP. Officers thereafter arrested Terrell, who eventually pled guilty to one count of possession of PCP. *See* 21 U.S.C. § 844. The district court sentenced him to 12 months' imprisonment and 12 months of supervised release for the conviction, in addition to a consecutive three months' imprisonment for violating the terms of his previous supervised release. Terrell was released on April 15, 2021.

That night, Williams picked up Terrell and the two returned to Williams's home. During the next few days, Williams and Terrell got into an argument and Terrell moved out of the house. On April 18, Williams sent an email to an Assistant United States Attorney, Terrell's former defense attorney, and Terrell's former probation officer, alleging that Terrell had left drugs in her home and in her Mazda. Probation officer Jordan Wlotzko then spoke to Williams and searched her home and car. In Williams's bedroom, on a dresser next to perfume and lotion, he found two plastic juice bottles that contained liquid PCP. He also found PCP in the Mazda.

The government later charged Terrell with violating the terms of his supervised release—namely, that he not possess drugs. The district court held a revocation hearing via Zoom, during which the government called only Wlotzko as a witness. He testified about the search of Williams's house and car. The government also submitted Williams's April 18 email as evidence.

The district court found that Terrell had violated his supervised release by possessing the PCP and sentenced him to concurrent sentences of 50 months' imprisonment followed by three years of supervised release. This appeal followed.

II.

A.

Terrell first argues that the district court erred when it considered Williams's April 18 email and other statements because, Terrell says, they were unreliable hearsay evidence. Specifically, he says the email was unreliable because Williams had "a history of drug abuse and a clear motive to misrepresent . . . Terrell's connection to the PCP," given that the drugs were in her home and vehicle. Terrell Br. at 16. The rules that govern the admissibility of hearsay evidence in supervised-release proceedings are more flexible than the rules that govern hearsay in criminal trials, in part because supervised-release proceedings are subject to only the "minimum requirements of due process." *Morrissey v. Brewer*, 408 U.S. 471, 488–89 (1972); *see United States v. Lowenstein*, 108 F.3d 80, 85 (6th Cir. 1997). At a revocation hearing, a judge may "consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial." *Morrissey*, 408 U.S. at 489. That includes hearsay evidence, so long as it is sufficiently "reliable." *United States v. Stephenson*, 928 F.2d 728, 732 (6th Cir. 1991).

Terrell argues here that the April 18 email was unreliable, but he did not present that argument to the district court. Hence we review only for plain error. *See United States v. Glover*, 846 F.2d 339, 344 (6th Cir. 1988). An error is "plain" only if it is "clear under current law." *United States v. Olano*, 507 U.S. 725, 734 (1993). And an absence "of binding case law that

answers the question presented" will preclude a finding of plain error. *United States v. Al-Maliki*, 787 F.3d 784, 794 (6th Cir. 2015).

Here, Terrell himself concedes that "[t]his circuit has not created a clear test to determine whether proffered hearsay should be considered reliable for purposes of due process under the Fifth Amendment in a revocation hearing." Terrell Br. at 10. And suffice it to say that none of the cases that Terrell cites prove him wrong in making that concession. Meanwhile, in *United States v. Kirby*, 418 F.3d 621 (6th Cir. 2005), we held that a district court did not err when, at a supervised-release revocation hearing, it relied solely on the testimony of a probation officer who relayed to the court hearsay evidence that he had gathered during an investigation. *See id.* at 626–27. Here, Officer Wlotzko did the same. The district court did not commit plain error by considering Williams's email and other statements.

B.

Terrell separately argues that insufficient evidence supported the court's finding that Terrell had possessed PCP. A district court may revoke a term of supervised release if it finds by a preponderance of the evidence that the defendant violated a condition of his release. 18 U.S.C. § 3583(e)(3). We review a district court's decision to revoke supervised release for an abuse of discretion, its fact findings for clear error, and its legal conclusions de novo. *See United States v. Kontrol*, 554 F.3d 1089, 1091–92 (6th Cir. 2009).

The district court revoked Terrell's supervised release because it found that he had possessed PCP. Possession can be actual or constructive; a defendant constructively possesses drugs if he "knowingly has the power and the intention at a given time to exercise dominion and control over [them], either directly or through others." *United States v. Crumpton*, 824 F.3d 593, 609 (6th Cir. 2016) (internal quotation marks omitted). "Circumstantial evidence alone is

sufficient" to find constructive possession. *United States v. Garcia*, 758 F.3d 714, 718 (6th Cir. 2014) (internal quotation marks omitted).

Here, officers searched Williams's home and Mazda and found a substance that tested positive for PCP. The search came in response to Williams's April 18 email, in which she said the following:

> Derrick was home all of 48 hours and I found drugs in my home & the car he drives (Mazda). I tried talking to him and it is not for personal use. I found an ounce and a pack of cigarettes in the car and there is a whole lot more in the house. Somebody named Gee gave it to him to get on his feet.

Terrell himself admitted that he had stayed with Williams until at least April 16. The government also had ample evidence that Terrell had used the Mazda: Williams said he used the car to go to a casino on April 15; and inside the Mazda, in addition to the PCP, officers found casino paperwork in Terrell's name, Terrell's mail, and a parking pass belonging to Terrell's mother. Sufficient evidence supported the district court's finding that Terrell possessed PCP.

## C.

Finally, the parties agree that we should remand to the district court for resentencing because one of the sentences at issue here was above the statutory maximum. When police searched Williams's house and Mazda for PCP, Terrell was serving concurrent terms of supervised release in two separate cases. After finding that Terrell had violated a condition of both terms of supervised release, the district court sentenced him to two concurrent terms of 50 months' imprisonment and three years of supervised release. That sentence was lawful in one case (Case No. 1:07-cr-323) but unlawful in the other (Case No. 1:20-cr-301) because Terrell's offense of conviction in that case was simple possession of PCP, a class E felony. 21 U.S.C. § 844(a); 18 U.S.C. § 3559(a)(5). Thus, the statutory maximum for a supervised-release violation in that

case is 12 months' imprisonment with no term of supervised release to follow.  18 U.S.C. § 3583(e)(3), (h).

The judgment of the district court in Case No. 1:07-cr-323 is affirmed.  We remand Case No. 1:20-cr-301 to the district court for the limited purpose of imposing a sentence consistent with the statutory maximum.